### In re WILMS.
### Patent Appeal No. 2508.

Court of Customs and Patent Appeals.

Dec. 1, 1930.

Ira Milton Jones, of Milwaukee, Wis., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals, affirming the action of the Examiner in rejecting claims 2, 6, 7, and 10 to 13, inclusive, of appellant's application. We regard claims 2, 6, and 11 as representative of all the rejected claims and they follow:

"2. A device for measuring the pressure applied to a compressible resistor, comprising a pressure applying element, and means for measuring and visually indicating the pressure applied to a resistor."

"6. A device for measuring the pressure applied to a compressible resistor, comprising a two part pressure applying member, means yieldable under stress connecting the parts of said member, the parts of said member moving with respect to each other as stress is applied thereto, an indicating lever, means for moving said indicating lever in proportion to the relative movement between the parts of said member for measuring such movement and consequently the stress impressed on the resistor, and a stationary dial substantially independent of said pressure applying member and cooperating with said lever to indicate the degree of stress impressed on the resistor."

"11. In a device of the character described, the combination of a compressible resistor and a member composed of two parts for applying pressure thereto, and a measuring device connecting the sections of said member and adapted to measure the pressure applied to the resistor."

The references relied upon are: Rood, 397,661, February 12, 1889; Lillicrap, 660,445, October 23, 1900; Ray, 1,092,952, April 14, 1914.

Appellant's application claims an improvement in compressible resistors, which, in the specifications and all the claims, is characterized as a device "for measuring the pressure applied to a compressible resistor."

Certain claims were allowed on certain features of the device which need not be further referred to here.

The Examiner rejected claims 2, 7, 10, 11, 12, and 13 upon Lillicrap, supra, and claim 6 upon Lillicrap, supra, in view of Rood, supra. Claims 11 and 12, according to the statement of the Examiner, were further open to the objection that they included the resistor which was the element being tested.

The Board of Appeals affirmed the action of the Examiner as to claims 2, 6, 7, 10, and 13, and in addition stated that his action as to claims 11 and 12 was affirmed upon the ground that in their broadest scope they were not limited to an electrical resistor or rheostat, and that they were also rejected on the patent to Ray, supra.

We have examined the references with some care, and it is not clear to us that the

Board has erred in its view that applicant's disclosure is anticipated by the references. Our study of the Ray patent confirms the view that applicant's plan of measuring and indicating the degree of stress or pressure applied upon the resistor is no different in principle than that disclosed in the Ray patent. In the Ray patent it would seem that the lever which applies the pressure was in itself the indicator, while in applicant's device the lever applying the pressure operates a dial mechanism which is responsive to the pressure of the lever and in the exact degree as the pressure is applied to the lever. We cannot avoid the force of the conclusion of the Board in the use of the following sentence: "It is believed rather that the scale would not ordinarily truly measure in established units the pressure applied but would simply indicate comparatively the degree of successively applied pressures."

The compressible pile which consists of carbonaceous discs or powder, when compressed, permits an increase of the flow of electrical current, and, when the pressure is removed and the mass is less compressed, the electrical current will pass through less freely. It is not claimed here that applicant's instrument in any manner registers the amount of electricity flowing through the resistor or the degree of compression of the pile, so as to distinguish his device from Ray's. One looking at the indicating scale on appellant's device might be able to determine that more or less electrical current was passing through the resistor as the pressure was increased or lessened, but such determination would be based upon the fact that it indicated that more or less pressure was being applied to the pile. The same is true of the Ray device, as we understand it. Viewing applicant's disclosure in this light, we think the Board's decision was correct, and it is affirmed.

Affirmed.